O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR 12-245CAS |
| Plaintiff, | ) | |
| v. | ) | REVOCATION OF SUPERVISED |
| ALFREDO CASAS-RAMIREZ, | ) | RELEASE AND JUDGMENT |
| Defendant. | ) | |
| _____ | ) | |

On February 27, 2013, this matter came before the Court on Petition on Supervised Release originally filed on January 14, 2013. Government counsel, Monica Ramirez, the defendant and his appointed DFPD attorney, Lisa Shinar, were present. The U.S. Probation Officer, Gregory Metoyer, was also present.

The defendant admits violation of his supervised release, as stated in allegations 1 and 2 of the Petition filed on January 14, 2013. The Court further finds that the defendant is in violation of the terms and conditions of his supervised release imposed on October 24, 2011 and September 20, 2012

IT IS ORDERED AND ADJUDGED, upon the findings of the Court, defendant's supervised release is hereby revoked. The defendant is hereby committed to the custody of the Bureau of Prisons for a term of six (6) months. Upon Release from imprisonment, defendant shall be placed on supervised release for a period of twenty-four (24) months, under the following terms and conditions:

1. Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed

by the probation officer, pursuant to 18 USC 3583(d);

2. Defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, saliva and/or sweat patch testing, as directed by the Probation Officer. The offender shall abstain from using illicit drugs, alcohol, and abusing prescription medications during the period of supervision;

3. Defendant shall reside for a period not to exceed 120 days in a residential reentry center (community corrections component), as directed by the Probation Officer, and shall observe the rules of that facility;

4. The residential reentry center's subsistence fees shall be waived;

5. The residential reentry center requirement shall be suspended while the offender is successfully participating in residential substance abuse treatment or outpatient substance treatment/testing, and can be enforced by the Probation Officer upon a determination of a return to illicit substance use;

6. The offender shall participate in a workforce development program or other similar program, which includes occupational/career development, including but not limited to assessment, testing, education, training classes, career guidance, employment search, and retention services, as directed by the Probation Officer; and

7. The offender shall participate in a cognitive behavioral treatment program as directed by the Probation Officer, if deemed necessary by the Probation Officer;

The Court hereby recommends that defendant be designated to the Metropolitan Detention Center.

IT IS ORDERED that the Clerk deliver a copy of this judgment to the United States Marshal or other qualified officer and that said copy shall serve as the commitment of defendant.

FILE/DATED: February 27, 2013

*Christina A. Snyder*
_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

TERRY NAFISI, CLERK

By: __/S/_____
Monica Salcido, Deputy Clerk